**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHRISTOPHER COMBS,**
        **Petitioner,**

**v.**                                                      **Civil Action No. 3:19-CV-85
(GROH)**

**CHRISTOPHER GOMEZ, Warden,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On May 28, 2019, Petitioner, an inmate at FCI Gilmer, acting *pro se*, filed a Petition

for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a

Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

and LR PL P 2. For the reasons set forth below, the undersigned recommends that the

Petition be denied and dismissed without prejudice.

### II.     FACTUAL AND PROCEDURAL HISTORY

#### A.     Petitioner's Conviction and Sentence[2]

On January 21, 2015, Petitioner was indicted in the Southern District of Ohio,

Cincinnati division, and charged in Count 1 with coercion and enticement of a female, in

violation of 18 U.S.C. § 2428, and in Count 2 with transportation of individuals to engage

---

[1]  ECF Numbers cited herein refer to case number 3:19-CV-85 unless otherwise noted.

[2]  All CM/ECF references in section II.A. refer to entries in the docket of criminal action number 1-15-CR-10-2 in the Southern District of Ohio, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may property take judicial notice of public record"); Colonial Penns. Ins. Co. v. Coil, 867 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records'").

in prostitution, in violation of 18 U.S.C. § 2428.  ECF No. 4.  On March 27, 2015, Petitioner entered his plea of guilty to Count 2, pursuant to a written plea agreement filed with the Court.  ECF Nos. 31, 33.  On July 22, 2015, Petitioner was sentenced to thirty months of incarceration.  ECF No. 45.

Petitioner was later placed upon supervised release and detained pending resolution of charges of violation of his supervised release.  ECF No. 63.  On July 11, 2017, Petitioner was sentenced to twelve months and one day of incarceration for the violations[3] of supervised release, followed by three additional years of supervised release.  ECF No. 67.  Upon release from that sentence, on August 27, 2018, Petitioner was committed to an additional 364 days of imprisonment as a result of additional violations[4] of his supervised release.  ECF No. 81.

A review of the docket shows that Petitioner did not file a direct appeal of his initial conviction and sentence, or of his later imposed sentences for violation of his supervised release.  Further, a review of the Inmate Locator page of the Bureau of Prisons website shows that Petitioner's projected release date is August 6, 2019. https://www.bop.gov/inmateloc/.

### B.    Instant § 2241 Petition

On May 28, 2019, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, challenging the 364-day sentence imposed in the Southern District of Ohio.  ECF No. 1 at 5.  Petitioner alleges that the First Step Act now mandates that the 54 days of good

---

[3]  Petitioner was charged with: (1) failure to notify Probation Officer of change of residence; (2) failure to appear for scheduled substance abuse testing; and (3) failure to participate in a cognitive behavioral therapy program.  ECF No. 67 at 1.

[4]  Petitioner was charged with: (1) failure to surrender a media device he has access to for search; and (2) with failure to install software to monitor computer use.  ECF No. 81 at 1.

conduct time be discounted from the sentence imposed.  Id.  Consequently, Petitioner alleges that he will complete his sentence after serving 310 days, rather than 364 days.

### III.     LEGAL STANDARD

#### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

The Petitioner is correct that the First Step Act of 2018, Public Law 115-391, enacted on December 21, 2018, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

abrogating <u>Barber v. Thomas</u>, 560 U.S. 474 (2010).  However, this provision has not yet taken effect.  Per 18 U.S.C. §§ 3624 and 3631(b)(2), the amendments of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by 18 U.S.C. § 3631(b).  Further, 18 U.S.C. § 3632(a) does not require development and public release of the risk and needs assessment system until 210 days after the Act's enactment.  Therefore, the First Step Act will not take effect until approximately July 19, 2019, approximately 18 days before Petitioner's current projected release date of August 6, 2019.  Because the First Step Act is not yet effective, the Bureau of Prisons is not mandated to implement the same until the effective date.  Accordingly, this petition has been prematurely filed.

### V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     May 31, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

6